## COMMONWEALTH vs. CHARLES GOURDIER.

On the trial of an indictment on *St.* 1855, c. 405, for a nuisance in keeping a tenement used for the illegal sale of intoxicating liquors, a witness for the government, who has testified to purchases of beer in the defendant's tenement, may be permitted to testify that he heard it called ale in the tenement and in the street.

Throwing dice to determine who shall pay for liquor, or for any other article bought, is illegal gaming; and evidence of such gaming will support an indictment on *St.* 1855, c. 405, for a nuisance by keeping a tenement resorted to for illegal gaming.

INDICTMENT on *St.* 1855, c. 405, for maintaining a tenement used for the illegal sale of intoxicating liquors and for illegal gaming.

At the trial in the superior court in Bristol at September term 1859 before *Ames*, J., a witness for the government, who had testified that he had twice bought beer of the defendant, was asked by the district attorney, if he had ever heard it called by any other name than beer. The defendant objected, but the court allowed the question to be put, and the witness answered that he had heard it called ale in the street and in the defendant's tenement.

There was evidence tending to show that, in the same tenement, "persons shook dice on the bar or counter for small articles, such as peanuts, cigars or beer, to be bought of the defendant for their use, and to be paid for by the losing party."

The defendant contended that this was not illegal gaming. But the court ruled that "it is illegal gaming to play any game of chance or skill, on the issue of which money or property of any value (even if inconsiderable in amount or value,) depends, as, for instance, to play a game or throw dice to decide who should pay for the drinks or the reckoning." To these rulings the defendant excepted.

*J. Brown,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

HOAR, J. 1. The evidence to which the defendant objected was properly admitted. The fact in issue was, whether he sold intoxicating liquor in violation of law. The witness said that he sold beer. Beer is a general name, which includes various liquors, some of which are, and some may not be, intoxicating. The object of the question was to ascertain whether the beer sold was of a kind included within the statute prohibition; and it was proper to ascertain by what other and more specific name it was known and called. The answer of the witness that it was called ale, and especially that it was so called in the defendant's shop, where it was sold, was direct and competent evidence for this purpose. *Commonwealth* v. *Dobbyn, ante,* 44.

2. To play at any game of chance or skill, on the issue of which money, or property having any value, depends, is illegal gaming. It was prohibited by the law of the Colony: "nor shall any person, at any time, play or game for any money or money worth, upon penalty" &c. Anc. Chart. 118. By *St.* 1785, *c.* 58, § 2, the winner at any game "of any sum or sums of money, or any other valuable thing whatsoever," was made subject to an action by the loser; and if no action was prosecuted by him within three months, then to a *qui tam* action for treble the value, by any person who should prosecute. The language of the revised statutes upon the same subject is "any sum of money, or any goods whatever." Rev. Sts. *c.* 50, § 12. See also *White* v. *Buss,* 3 Cush. 451. This point was decided in *Commonwealth* v. *Taylor, ante,* 26.

*Exceptions overruled*